# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ARIANNA CHAVEZ<br>Plaintiff, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 1:20-CV-01174-RP |
| | § | |
| CITY OF AUSTIN AND JOHN DOE<br>Defendants. | §<br>§<br>§ | |

## DEFENDANT CITY OF AUSTIN'S ORIGINAL ANSWER AND DEFENSES

COMES NOW, Defendant CITY OF AUSTIN and files this Original Answer and Defenses pursuant to the Federal Rules of Civil Procedure and would respectfully show this Court as follows:

### A.
### ORIGINAL ANSWER

1. Defendant City of Austin is without knowledge or information sufficient to enable it to admit or deny Plaintiff's allegations of material fact contained in Paragraph 1 of Plaintiffs' Original Complaint.

2. Defendant City of Austin admits Plaintiff's allegations of material fact contained in the first sentence of Paragraph 2 of Plaintiffs' Original Complaint and that that Police Chief Brian Manley is a policy maker for the City of Austin Police Department. This Defendant is without knowledge or information sufficient to enable it to admit or deny Plaintiff's allegations of material fact contained in remainder of this Paragraph.

3. Defendant City of Austin is without knowledge or information sufficient to enable it to admit or deny Plaintiff's allegations of material fact contained in Paragraph 3 of Plaintiffs' Original Complaint.

4. Defendant City of Austin admits Plaintiff asserts claims pursuant to the statutory provision identified and that this Court has subject matter jurisdiction over the same, as alleged in Paragraph 4 of Plaintiffs' Original Complaint, but denies that Plaintiff is entitled to any relief under this provision with respect to this Defendant.

5. Defendant City of Austin admits Plaintiff's allegations of material fact contained in Paragraph 5 of Plaintiffs' Original Complaint with respect to this Defendant; and is without knowledge or information sufficient to enable it to admit or deny Plaintiff's allegations of material fact with respect to the unidentified Defendant Doe.

6. Defendant City of Austin admits that this Court has jurisdiction over this Defendant, as alleged in Paragraph 6 of Plaintiffs' Original Complaint; and is without knowledge or information sufficient to enable it to admit or deny Plaintiff's allegations of material fact with respect to the unidentified Defendant Doe and/or Plaintiff's alleged injuries.

7. Defendant City of Austin admits that the Western District—Austin Division is the proper venue for this matter, as alleged in Paragraph 7 of Plaintiffs' Original Complaint

8. Defendant City of Austin admits a demonstration took place on May 31, 2020, and is without knowledge or information sufficient to enable it to admit or deny the remainder of Plaintiff's allegations of material fact contained in Paragraph 8 of Plaintiffs' Original Complaint.

9. Defendant City of Austin denies that peaceful protest was not permitted, and is without knowledge or information sufficient to enable it to admit or deny the remainder of Plaintiff's allegations of material fact contained in Paragraph 9 of Plaintiffs' Original Complaint.

10. Defendant City of Austin is without knowledge or information sufficient to enable it to admit or deny Plaintiff's allegations of material fact contained in Paragraph 10 of Plaintiffs' Original Complaint.

11. Defendant City of Austin is without knowledge or information sufficient to enable it to admit or deny Plaintiff's allegations of material fact contained in Paragraph 11 of Plaintiffs' Original Complaint.

12. Defendant City of Austin is without knowledge or information sufficient to enable it to admit or deny Plaintiff's allegations of material fact contained in Paragraph 12 of Plaintiffs' Original Complaint.

13. Defendant City of Austin is without knowledge or information sufficient to enable it to admit or deny Plaintiff's allegations of material fact contained in Paragraph 13 of Plaintiffs' Original Complaint.

14. Defendant City of Austin is without knowledge or information sufficient to enable it to admit or deny Plaintiff's allegations of material fact contained in Paragraph 14 of Plaintiffs' Original Complaint.

15. Defendant City of Austin is without knowledge or information sufficient to enable it to admit or deny Plaintiff's allegations of material fact contained in Paragraph 15 of Plaintiffs' Original Complaint.

16. Defendant City of Austin is without knowledge or information sufficient to enable it to admit or deny Plaintiff's allegations of material fact contained in Paragraph 16 of Plaintiffs' Original Complaint.

17. Defendant City of Austin denies the allegations of material fact contained in Paragraph 17 of Plaintiffs' Original Complaint.

18. Defendant City of Austin denies the allegations of material fact contained in Paragraph 18 of Plaintiffs' Original Complaint.

19. Defendant City of Austin admits that City of Austin police officers were authorized to use and did use less than lethal munitions during the demonstrations that occurred on May 30 and 31, 2020 and that some injuries occurred, but denies the remainder of the allegations of material fact contained in Paragraph 19 of Plaintiffs' Original Complaint.

20. Defendant City of Austin admits there were injuries to some individuals during the demonstrations that occurred on May 31, 2020 from the use of less than lethal munitions and denies the remainder of any allegations of material fact contained in Paragraph 20 of Plaintiffs' Original Complaint.

21. Defendant City of Austin admits Justin Howell was struck by a less than lethal munition in the head and denies the remainder of Plaintiff's allegations of material fact contained in Paragraph 21 of Plaintiffs' Original Complaint.

22. Defendant City of Austin denies the allegations of material fact contained in Paragraph 22 of Plaintiffs' Original Complaint.

23. Defendant City of Austin denies the allegations of material fact contained in Paragraph 23 of Plaintiffs' Original Complaint.

24. Defendant City of Austin admits Maredith Drake was struck by a less than lethal munition and that she had her hands raised at a point in the video related to her incident, but is without knowledge or information sufficient to enable it to admit or deny the remainder of Plaintiff's allegations of material fact contained in Paragraph 24 of Plaintiffs' Original Complaint.

25. Defendant City of Austin denies the allegations of material fact contained in Paragraph 25 of Plaintiffs' Original Complaint.

26. Defendant City of Austin denies the allegations of material fact contained in Paragraph 26 of Plaintiffs' Original Complaint.

27. Defendant City of Austin is without knowledge or information sufficient to enable it to admit or deny Plaintiff's allegations of material fact contained in Paragraph 27 of Plaintiffs' Original Complaint.

28. Defendant City of Austin denies the allegations of material fact contained in Paragraph 28 of Plaintiffs' Original Complaint.

29. Defendant City of Austin denies the allegations of material fact contained in Paragraph 29 of Plaintiffs' Original Complaint.

30. The study referred to in Paragraph 30 of Plaintiffs' Original Complaint is extensive and speaks for itself and Defendant City of Austin denies any allegations of material fact contained in this Paragraph that go beyond the same.

31. The investigation regarding former employee Justin Newsom speaks for itself and Defendant City of Austin denies any allegations of material fact contained in Paragraph 31 of Plaintiffs' Original Complaint that go beyond the same.

32. Defendant City of Austin denies the allegations of material fact contained in Paragraph 32 of Plaintiffs' Original Complaint.

33. Defendant City of Austin denies the allegations of material fact contained in Paragraph 33 of Plaintiffs' Original Complaint.

34. Defendant City of Austin denies the allegations of material fact contained in Paragraph 34 of Plaintiffs' Original Complaint.

35. Defendant City of Austin denies the allegations of material fact contained in Paragraph 35 of Plaintiffs' Original Complaint.

36. Defendant City of Austin is without knowledge or information sufficient to enable it to admit or deny Plaintiff's allegations of material fact contained in Paragraph 36 of Plaintiffs' Original Complaint.

37. Defendant City of Austin admits that APD has not yet completed its administrative review and thus no officers have been disciplined for their response to the May 30 and 31, 2020 demonstrations; admits Chief Manley has not received discipline as defined by Chapter 143 of the TEXAS LOCAL GOVERNMENT CODE; and denies the remainder of the allegations of material fact contained in Paragraph 37 of Plaintiffs' Original Complaint.

38. Defendant City of Austin denies the allegations of material fact contained in Paragraph 38 of Plaintiffs' Original Complaint.

39. Defendant City of Austin denies the allegations of material fact contained in Paragraph 39 of Plaintiffs' Original Complaint.

40. Defendant City of Austin denies the allegations of material fact contained in Paragraph 40 of Plaintiffs' Original Complaint.

41. Defendant City of Austin admits there was significant injury to some individuals in the May 30 and 31, 2020 demonstrations and denies the remainder of any allegations of material fact contained in Paragraph 41 of Plaintiffs' Original Complaint.

42. Defendant City of Austin admits there was significant injury to some individuals in the May 30 and 31, 2020 demonstrations and that individuals received treatment from Dell's Medical Center, as alleged in Paragraph 42 of Plaintiffs' Original Complaint. The treating physician records provide the best record of the actual medical conditions, diagnosis and treatment of various individuals.

43. Defendant City of Austin admits there was significant injury to some individuals in the May 30 and 31, 2020 demonstrations, as alleged in Paragraph 43 of Plaintiffs' Original Complaint. The treating physician records provide the best record of the actual medical conditions, diagnosis and treatment of various individuals.

44. Defendant City of Austin admits that four members of City of Austin City Council publicly asked Police Chief Manley to consider resigning his position and denies the remainder of the allegations of material fact contained in Paragraph 44 of Plaintiffs' Original Complaint.

45. Defendant City of Austin admits that Chief Manley changed certain City of Austin Police Department policies after the May 2020 demonstrations and denies the remainder of the allegations of material fact contained in Paragraph 45 of Plaintiffs' Original Complaint.

46. Defendant City of Austin is not obligated under the rules to respond to claims and allegations not made against it, such as the allegations contained in Paragraph 46 of Plaintiffs' Original Complaint. If and to the extent a response is required as to Defendant City of Austin, the City denies the allegations of material fact.

47. Defendant City of Austin is not obligated under the rules to respond to claims and allegations not made against it, such as the allegations contained in Paragraph 47 of Plaintiffs' Original Complaint. If and to the extent a response is required as to Defendant City of Austin, the City denies the allegations of material fact.

48. Defendant City of Austin is not obligated under the rules to respond to claims and allegations not made against it, such as the allegations contained in Paragraph 48 of Plaintiffs' Original Complaint. If and to the extent a response is required as to Defendant City of Austin, the City denies the allegations of material fact.

49. Paragraph 49 of Plaintiffs' Original Complaint does not contain factual information to admit or deny.

50. Defendant City of Austin is not obligated under the rules to respond to claims and allegations not made against it, such as the allegations contained in Paragraph 50 of Plaintiffs' Original Complaint. If and to the extent a response is required as to Defendant City of Austin, the City denies the allegations of material fact.

51. Defendant City of Austin is not obligated under the rules to respond to claims and allegations not made against it, such as the allegations contained in Paragraph 51 of Plaintiffs' Original Complaint. If and to the extent a response is required as to Defendant City of Austin, the City denies the allegations of material fact.

52. Defendant City of Austin is not obligated under the rules to respond to claims and allegations not made against it, such as the allegations contained in Paragraph 52 of Plaintiffs' Original Complaint. If and to the extent a response is required as to Defendant City of Austin, the City denies the allegations of material fact.

53. Defendant City of Austin is not obligated under the rules to respond to claims and allegations not made against it, such as the allegations contained in Paragraph 53 of Plaintiffs' Original Complaint. If and to the extent a response is required as to Defendant City of Austin, the City denies the allegations of material fact.

54. Paragraph 54 of Plaintiffs' Original Complaint does not contain factual information to admit or deny.

55. Defendant City of Austin is not obligated under the rules to respond to claims and allegations not made against it, such as the allegations contained in Paragraph 55 of Plaintiffs'

Original Complaint. If and to the extent a response is required as to Defendant City of Austin, the City denies the allegations of material fact.

56. Paragraph 56 of Plaintiffs' Original Complaint does not contain factual information to admit or deny.

57. Defendant City of Austin admits that City of Austin police officers were authorized to use and did use less than lethal munitions during the demonstrations that occurred on May 30 and 31, 2020, but denies the remainder of the allegations of material fact contained in Paragraph 57 of Plaintiffs' Original Complaint.

58. Defendant City of Austin denies the allegations of material fact contained in Paragraph 58 of Plaintiffs' Original Complaint.

59. Defendant City of Austin denies the allegations of material fact contained in Paragraph 59 of Plaintiffs' Original Complaint.

60. Defendant City of Austin denies the allegations of material fact contained in Paragraph 60 of Plaintiffs' Original Complaint.

61. Defendant City of Austin admits Plaintiff seeks the relief under the statutory basis identified in Paragraph 61 of Plaintiffs' Original Complaint, but denies Plaintiff is entitled to such relief from this Defendant.

62. Defendant City of Austin admits Plaintiff seeks the relief identified in Paragraph 62 of Plaintiffs' Original Complaint, but denies Plaintiff is entitled to such relief from this Defendant.

63. Defendant City of Austin admits Plaintiff seeks the relief identified in Paragraph 63 of Plaintiffs' Original Complaint, but denies Plaintiff is entitled to such relief from Defendant.

## B.
## AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S CLAIMS

1. Defendant City of Austin would show that the City is a political subdivision of the State of Texas and enjoys sovereign immunity (immunity from suit and liability) except to the extent waived by an applicable statute. This Defendant asserts the defense of sovereign immunity and the defenses and limitations set forth in any statute waiving immunity. Defendant further asserts sovereign, governmental and/or prosecutorial immunities from this suit, liability and/or damages.

2. Defendant City of Austin further alleges that Plaintiff is not entitled to recovery if and to the extent her conduct, whether acting singly or in concert with others, was the sole proximate cause, or alternatively, a proximate cause of Plaintiff's injuries and damages, if any.

3. Defendant City of Austin would show that Plaintiff is not entitled to recovery if and to the extent she failed to mitigate the alleged injuries and/or damages by negligent and/or intentional acts, whether individually or in any combination, and if such failure was the sole, proximate and/or producing cause of the injuries alleged by Plaintiff.

4. Defendant City of Austin expressly reserves the right to assert additional affirmative and other defenses as the case develops and further factual investigation reveals their applicability.

WHEREFORE PREMISES CONSIDERED, Defendant City of Austin prays that this matter be set for trial with proper notice to all parties; and upon hearing, that judgment subsequently enter in favor of said Defendant; and for such other and further relief to which this Defendant may be justly entitled.

Respectfully submitted,

FLETCHER, FARLEY,
SHIPMAN & SALINAS, L.L.P.
2530 Walsh Tarlton Lane, Suite 150
Austin, Texas 78746
(512) 476-5300
FAX (512) 476-5771

By: /s/ Joanna Lippman Salinas
Joanna Lippman Salinas
State Bar No. 00791122
joanna.salinas@fletcherfarley.com

Attorneys for Defendant, *City of Austin*

# Certificate of Service

I here certify that a true and correct copy of the foregoing **Defendant City of Austin's Original Answer and Defenses** has been provided to the offices of:

Jeff Edwards
Scott Medlock
Mike Singley
David James
**EDWARDS LAW**
1101 East 11th Street
Austin, Texas

by Electronic Service, in accordance with the Federal Rules of Civil Procedure, on January 15, 2021.

/s/ Joanna Lippman Salinas
Joanna Lippman Salinas